IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 51,632-08






EX PARTE JAMIE LEE BLEDSOE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-CR-15,197 IN THE 123RD DISTRICT COURT


FROM SHELBY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to fifteen years' imprisonment. 

 Applicant contends, inter alia, that he is being denied credit for time spent between
sentencing and arrival at TDCJ. Applicant has alleged facts that, if true, might entitle him to relief.
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and addressing whether Applicant
is being credited for time between sentencing on July 27, 2000 and the time he was received into
TDCJ custody. The affidavit shall also detail and specify any pre-sentence jail time with which
Applicant's sentence is being credited. The affidavit should also indicate whether or not Applicant
has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the
claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant's sentence has run continuously from the date
of sentencing. Specifically, the trial court shall make findings as to whether Applicant is receiving
time credit for all time spent between sentencing and being received to TDCJ custody. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: August 24, 2011

Do not publish